BANK OF ITALY v. COLLA, et.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 7, 1927.

Before Judges Roberts, Farr and Pollock.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**BANKS AND BANKING—Contracts (150 N).**
(70 L) Non-resident bank holding letter of credit to secure payment of contract between a non-resident fruit growers association and Ohio concern, and having a specific information of terms of purchase and shipment of Muscat Grapes in ventilator cars, knowing through invoices and bills of lading, that the grapes were other than Muscat grapes and shipped in cars other than ventilator cars, cannot assert lack of knowledge of the contractual terms between the original parties and escape liability as holder of letter of credit.

**TRIAL.**
(590 E3g) Evidence as to custom in California of shipping grapes in ordinary box cars, properly excluded in action on contract to ship same in ventilator cars.

**TRIAL.**
(590 V2a) Fact that the verdict for damages was greater than could be recovered in case, and is not tested by interrogation, special verdict or otherwise, not reversible error.

**TRIAL.**
(590 Ji) Allowance of interest in judgment making the judgment greater than agreement specified to give the court jurisdiction, can be cured by remittitur of interest.

Error to Common Pleas.

Judgment affirmed.

Kennedy, Manchester, Conroy & Ford, Youngstown, for Bank of Italy.

McKain & Ohl, Wm. T. Swanton, Youngstown, for Colla, et.

STATEMENT OF FACTS.

This is a proceeding in error in this court seeking a reversal of the judgment of the Court of Common Pleas rendered upon a verdict returned by a jury in favor of the defendants in error.

The DeColas purchased of the California Fruit Product Co. five car loads of Muscat grapes, at a price of $80 per ton. Arrangements were entered into whereby the City Savings & Trust Co., a banking institution of Youngstown, should send a letter of credit to the Bank of Italy at San Francisco, guaranteeing the payment of the five car loads of grapes under certain conditions which had been agreed upon being fulfilled.

The City Trust & Savings Bank
Youngstown, Ohio.

Bank of Italy,
Montgomery Street Branch,
San Francisco, Calif.
Gentlemen:

We guarantee payment at sight Documentary Draft of D. Rubino, President of the California Fruit Produce Co., Colombo Bldg., San Francisco, drawn on Nicholas Colla and G. DeCola, covering not to exceed five cars of Muscat grapes at $65.00 per ton net, accompanied by order B/L, state inspection waived if shipped in ventilator cars. Entire credit not to exceed $6,000. This guarantee is conditional upon your cancelling our guarantee of September 23 in favor of the Pacific Italian Trading Co.

Very truly yours,
J. E. Gribbon, Treas.

Five car loads of grapes were subsequently loaded by the California Fruit Produce Co. and started toward their destination in this city. That company then took invoices of the several cars which were shipped from different places and at different times, with bill of lading therefor, and attaching thereto a sight draft drawn by this firm upon itself to the Bank of Italy. These drafts were endorsed in blank. The Bank of Italy paid the amount of the drafts, less one-fourth of one per cent, and thereby became the transferees of these drafts, and, as a matter of law, the owners of the grapes which were represented by these transactions. The Bank of Italy, with the invoices, the bills of lading and the drafts, then forwarded these papers to the Union Trust at Cleveland, which endorsed them, with notice of non-liability on its part, to the First National Bank of this city, and papers were presented to the City Savings & Trust Co., which had given the letter of credit, which paid the amounts called for by the drafts, charged this sum to the defendants in error and the bills of lading were then delivered to the defendants in error, who were thereby, and not until then, enabled to open the cars and learned

the condition of the grapes. It was then found that these cars were not ventilator cars. They were ordinary box cars in which the doors had been left open two feet and stays had been nailed over this space some three or four inches apart. The grapes were in containers or boxes and were generally in a very bad condition, very much decayed. The defendants in error being thus obliged without knowledge of the condition of the grapes so purchased, to pay the price, disposed of them without dispute to the best available advantage, and brought this action for damages sustained by reason of the defective condition of the grapes, and the jury awarded the defendants in error damages in the sum of $4,140.58, to which the jury added interest. The Bank of Italy was brought into this case by attachment proceedings and there was an agreement between counsel on the respective sides that a recovery would not be asked for in excess of the fund attached, which of course only gave the Court of Common Pleas jurisdiction against the defendants to the amount of the money attached, which was $2,700.00. The trial court requested, and there was granted, a remittitur of this amount, to which, however, the trial court again added interest, making the judgment something over $3,000. It was claimed by the defendants in error that there was liability on the part of the Bank of Italy upon two propositions, one that it was liable under the terms of the contract, of the letter of credit, and in this connection it seems also to be claimed by counsel for the defendant in error that the Bank of Italy was further liable under and according to the terms of the contract made for the purchase of the grapes by the defendants in error here with the California Produce Co., upon the theory, as understood, that the Bank of Italy in purchasing these bills of lading necessarily knew that they were the result of certain negotiations and contractural relations entered into between the original negotiating parties, and that in purchasing the grapes by the bill of lading the bank could not expect to be able to make deliveries unless that original contract had been substantially complied with, and that the purchase therefore carried with it the effect of original liability to the California Fruit Produce Co.

It is further claimed that the bank was liable under the provisions of Sec. 8011 Barnes Federal Code, p. 1926, which reads as follows: "Warranties on sale of bill. A person who negotiates or transfers for value a bill by endorsement or delivery, unless a contrary intention appears, warrants—

(a) That the bill is genuine.

(b) That he has a legal right to transfer it;

(c) That he has knowledge of no fact which would impair the validity or worth of the bill;

(d) That he has a right to transfer the title to the goods, and that the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby."

It is claimed by counsel for the DeColas that under the terms of this section there was a guarantee by the bank that these grapes were merchantable, fit for the particular purpose of food consumption, and that under the terms of the letter of credit that the grapes contracted for were Muscota grapes and that there were to be shipped in ventilator cars. There is no dispute but that there were few, if any, Muscat grapes, they were largely not fit for food or for any purpose, and concededly box cars were used instead of ventilator cars.

The Bank of Italy denies any liability in this action and claims that there was reversible error in several instances occurring during the trial. It is said first that the court erred in permitting evidence concerning the original negotiations by contract entered into between the California Co. and the defendants in error, as the contract sued on was with the Bank of Italy and which was not a party to the original contract.

ROBERTS, J.

We do not think, after a perusal of the instructions of the court and the evidence that it can be said that prejudicial or reversible error occurred in this respect. The jury were expressly directed by the court not to consider that contract as substantive evidence in the case but it was admitted only as a background by which an understanding could be arrived at concerning the relations of the parties.

It is further urged that the court committed error in refusing to permit the defendant in error to show by witnesses that the custom existed in California of shipping grapes in box cars. We think the court was correct, that where there were specifications of a particular kind of cars, it was not proper to introduce testimony of custom that other cars were used for that purpose. The parties had a right to contract for a particular kind of car.

Bills of lading indicated that these grapes were shipped in box cars and loaded by method number two, so that adopting the theory of counsel for the plaintiff in error, a scanning of the bill of lading which it purchased and which it seems to have been understood to have been the duty of the Bank of Italy to bring to that bank the direct knowledge that these grapes were being shipped in box cars, while the letter of credit which it had from the Youngstown bank specified that they were to be shipped in ventilator cars.

Proceeding now to the question of damages, the important proposition seems to be in connection with the use of box cars instead of ventilator cars. There could only be a recovery under the agreement of counsel in this case, for the $2,700. The jury having found damage of over $4,000, and it is not improbable, that the jury found a total damage to the grapes by reason of lack of ventilation in a greater sum than there can be a recovery for in this action under the circumstances that have been stated, taking into consideration such sum as might also be recognized for these other matters and conditions concerning which complaint is made.

The verdict was not tested by interrogatories, special verdicts or otherwise. If the jury had found, as a matter of fact, an amount of damages by reason of lack of ventilation and the use of box cars in excess of the amount of recovery, then there would be no reversible error in this case under this theory. The law is well settled in Ohio that where there are two issues submitted and there is error in connection with one, if the other issue is sufficient for the verdict and

no error is shown upon that issue then the cause is not reversible. 94th O.S., 171; 106 O.S. 408; 18 O.A., 235; and another case on page 346; 107 O.S., 33-39; 23 O.S., 626; 60 O.S., 69

It is sufficient to say in conclusion that the jury may well have found the damages sufficient in amount to cover the amount recoverable under the issues in this case and the damage in the case to result from improper ventilation resulting from the use of box cars, and that being a proposition which we think undisputedly brought to the direct knowledge of the Bank of Italy without taking into consideration the other matters which are claimed to constitute liability on the Bank of Italy. We think that upon this proposition it is sufficient to say in conclusion that no prejudicial error can be held to exist, and the judgment of the Court of Common Pleas is affirmed.

We think that the trial court should not have allowed interest on the sum agreed upon as fixed by the amount attached to give the court jurisdiction over the defendant below, the Bank of Italy, and judgment will be reversed contingent upon the plaintiffs below remitting this interest down to the sum agreed upon.

(Farr and Pollock, JJ., concur.)